IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH ABRUSCATO, on behalf of himself and others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) MEDICAL BUSINESS BUREAU, LLC; ) EQUIFAX INFORMATION SERVICES, LLC; ) SWEDISH EMERGENCY ASSOCIATES, PC, ) ) Defendant. ) | Case No.: 1:12 CV 00322  Judge James P. Zagel |

**DEFENDANT MEDICAL BUSINESS BUREAU, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNT I OF PLAINTIFFS' AMENDED COMPLAINT**

Defendant, MEDICAL BUSINESS BUREAU ("MBB"), by its attorneys David M. Schultz, Corinne C. Heggie, and Nicholas D. O'Conner for its Reply in Support of its Motion to Dismiss Count I of Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) states:

**ARGUMENT**

**I.    Count I of Plaintiffs' Amended Complaint Should Be Dismissed.**

Plaintiffs' response is largely a recitation of facts without much substantive argument to refute Defendant's claim that Count I is time-barred. Plaintiffs wait until nearly halfway through their response brief before addressing the statute of limitations. In their brief discussion of the issue, Plaintiffs inaccurately liken the facts in the case at hand to *Purnell* and attempt to rely on that decision as positive precedent. Furthermore, Plaintiffs fail to meaningfully distinguish the cases cited in Defendant's Motion to Dismiss that stand for the proposition that this action is indeed time-barred. For these

reasons, as well as the reasons already discussed in Defendant's Motion to Dismiss, Count I of Plaintiff's Amended Complaint should be dismissed without prejudice.

**A.    Plaintiffs' FDCPA Claims Against MBB Are Time-Barred and Plaintiff's Attempt to Distinguish the Case Law is Unavailing.**

In their response, Plaintiffs attempt to discredit case law which supports Defendant's assertion that Count I is time barred. The factual distinctions that they attempt to articulate, however, are irrelevant as they have no bearing on the proper application of the one year statute of limitations to claims under the FDCPA.

In *Gulley*, the Seventh Circuit affirmed the District Court's dismissal of a complaint in which the FDCPA violations were alleged to have occurred in 2008, yet the plaintiff waited until 2010 to file suit. In *Flores*, the court found that the action was time barred when plaintiff knew about the negative reporting in 2000, but waited until 2003 to file suit. The Plaintiffs in the present case, in their response, seemingly attempt to argue that the specific FDCPA violations in *Gulley* and *Flores* are not factually identical to their claims and therefore the statute of limitations should not apply. In *Gulley,* a host of FDCPA violations were alleged, it was not simply a single allegation of providing "improper information regarding a debt" as Plaintiffs' response seems to imply. Plaintiffs' Response Dkt. # 68 at p.6. The Seventh Circuit upheld the district court's dismissal of all of the FDCPA claims as untimely without any mention of the nature of the alleged violations. Ultimately, *Gulley* and *Flores* stand for the rule expressed in 15 U.S.C. 1692k(d) that ***any*** liability created under the FDCPA may only be brought within one year from the date on which the violation occurred. *See Gulley v. Pierce & Associates, P.C.,* 436 Fed.Appx. 662, 664 (7th Cir. 2011); *see also Flores v. Millenium*

*Interests, LTD.*, 273 F.Supp.2d 899, 901 (S.D. Texas 2003). Plaintiffs' attempts to distinguish the factual scenarios of *Gulley* and *Flores* from the present case are unavailing as they do not address the fact that Plaintiffs are alleging that FDCPA violations occurred in 2009, yet they have waited until 2012 to file suit.

**B. Plaintiffs' Claims Do Not Fall into the Narrow Scope of the Continuing Violations Doctrine.**

In an attempt to evade the FDCPA's strict one-year statute of limitations, Plaintiffs argue, in their response, that their claims survive a statute of limitations challenge because Equifax continued to report false information based on Defendant's actions on a monthly basis. This exemption from the statute of limitations is not applicable, however, because Plaintiffs' allegations fall outside the narrow doctrine's protections and Plaintiffs attempt to argue facts not contained in their Amended Complaint.

The continuing violation doctrine applies narrowly where there is no violation at all until a series of non-actionable wrongs accumulate to form a cause of action. *Judy v. Blatt, Hasenmiller, Leibsker and Moore LLC,* 2010 WL 431484 at * 3 (N.D. Ill. January 29, 2010) citing *Limestone Dev. Corp. v. Village. of Lemont, Ill.,* 520 F.3d 797, 801 (7th Cir. 2007). Furthermore, a claim should be dismissed if the only basis for the injury is the continuing violation doctrine and the actual FDCPA violation occurred outside of the limitations period. *Hardaway v. CIT Group/Consumer Finance Inc.*, 2011 WL 3296825 at *3 (N.D. Ill. August 01, 2011).

Plaintiffs argue that the reasoning in *Judy* and *Hardaway* does not apply because these cases "did not involve distinct communications each month that violated § 1692e." Plaintiffs' Response Dkt. # 68 at p. 7. In making this argument, Plaintiffs attempt to draw a parallel to *Purnell* and argue that monthly re-reporting results in separate and discrete violations. The most glaring flaw in Plaintiffs' use of this argument is that Plaintiffs' Amended Complaint contains **no** allegations that MBB re-reported the debt at any time within the one year preceding the filing of this lawsuit. Plaintiffs are making a legal argument based on facts that they have failed to allege. Consequently, even if the court accepts Plaintiffs' *Purnell* analogy (which Defendant refutes), their pleading does not support their argument. Plaintiffs did not file this lawsuit until **January 17, 2012** and, therefore, it is time-barred.

Plaintiffs do allege that false information *continued* to be listed on Plaintiffs' credit reports as of June 2011 for Abruscato and July 2011 for Wilson. Plaintiffs' Amended Complaint Dkt. #40 at ¶41. The fact that an item simply remains on a credit report does not constitute a continuous violation. If this were the case, plaintiffs could sue almost indefinitely and the statute of limitations would be rendered meaningless as items may, by law, stay on a credit report for many years.

Plaintiffs have failed to put forth any other substantive argument to refute Defendant's assertion that Plaintiffs' allegations fall do not within the narrow scope of the continuing violations doctrine. Plaintiffs have not alleged a scenario where a series of non-actionable wrongs started in 2009 and eventually became actionable in 2011.

Rather, based on Plaintiffs' own allegations, any violations of the FDCPA by Defendant against Plaintiffs were already completed and actionable in October 2009. Therefore, the continuing violations doctrine is not applicable.

## CONCLUSION

The assertions made in Plaintiffs' response fail to successfully distinguish the argument made by Defendant that Count I of this action is time barred under the FDCPA's statute of limitations. Even if one assumes that an FDCPA violation did occur, it occurred in 2009 when the allegedly false information was reported to the credit bureaus. Plaintiffs have attempted to liken their case to *Purnell* arguing that each re-reporting is a discrete violation, but have failed to allege any monthly re-reporting within a year prior to this suit. Based on the allegations in Plaintiffs' Amended Complaint, any violations of the FDCPA by Defendant against Plaintiffs were already completed and actionable in late 2009 or early 2010. Therefore, Plaintiffs could have brought this lawsuit as early as October 2009, yet failed to do so until January 2012. As a result, Count I of Plaintiffs' Amended Complaint should be dismissed with prejudice because it is barred by the one year statute of limitations under the FDCPA and the continuing violations doctrine does not apply.

WHEREFORE, Defendant, MEDICAL BUSINESS BUREAU, LLC, prays that Count I of Plaintiffs' Amended Complaint be dismissed with prejudice and the Court grant all other relief to the defendant which the Court finds to be appropriate and just.

Respectfully submitted,

MEDICAL BUSINESS BUREAU, LLC,


By: s/Nicholas D. O'Conner
    One of its Attorneys

David M. Schultz
Corinne C. Heggie
Nicholas D. O'Conner
Hinshaw & Culbertson LLP
222 N. LaSalle St., Suite 300
Chicago, IL 60601-1081
Tel:    312/704-3000
Fax:   312/704-3001
dschultz@hinshawlaw.com
cheggie@hinshawlaw.com
noconner@hinshawlaw.com